## In re POLLOCK.

### No. 6340.

District Court, W. D. Louisiana, Shreveport Division.

April 28, 1942.

Harris & Harris, of Mansfield, for William Marshall Pollock.

DAWKINS, District Judge.

The debtor's petition under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, was filed and approved on November 28, 1940, and on December 27th following, the Federal Deposit Insurance Corporation, as

Receiver for the DeSoto Bank & Trust Company, a creditor, filed its motion to dismiss the proceeding for the reason that the debtor was not a farmer within the meaning of this section of the Bankruptcy law.

The matter was referred to the Supervising Conciliation Commissioner, who held two hearings, and from which he has made findings of fact and recommended that the proceeding be dismissed because the debtor (1) is not primarily engaged in farming, and (2) does not receive the principal part of his income from farming operations.

The evidence shows that Pollock has practiced law continuously since 1910, and that at the time these proceedings were filed, he spent the usual hours of a lawyer in a regularly maintained office pursuing his profession, that is, from approximately nine in the morning until four or five in the afternoon.

In addition to his law practice, he operates some eighteen farms, varying in size from a few acres to several hundred. He also deals or trades in oil and gas leases. Until August 15, 1940, he had operated a dairy also, which on that date was sold to his son. Five of these farms he managed without remuneration for a relative, N. B. James, and notwithstanding, he had executed a deed to the latter for these properties, back in November, 1938, it was not recorded until September 27, 1940, some four days after the F. D. I. C. had instituted the foreclosure on some of his properties, which precipitated the filing of the petition in this court for relief under Section 75 of the Bankruptcy Act on September 23rd of the same year.

Petitioner's gross income from his law practice for the year 1940 was $992.71. He testified that during the year he had gross receipts from the farms, exclusive of the ones sold to James, of $4,873.54. However, of this amount, $2,000 was derived from the dairy business which he, before the filing of this proceeding, had sold to his son, and ceased to operate; $920.74 was from timber sold off the property; $310 was proceeds of cattle; and $136 represented the proceeds of hogs, making a total of $3,366.74, which will either not recur or cannot be considered as gross or net income, unless it were affirmatively shown that the cattle and hogs were the offspring or accumulation from a cattle raising business. This left a gross income from farming operations as such of $1,506.80, not counting expenses.

I do not deem it necessary to go into the question of whether the Act, in speaking of the "principal part" of the debtor's income, means gross or net, for the reason that the evidence in this case seems to show conclusively that the debtor is not primarily engaged in farming, but in the practice of law. It is well known that many lawyers engage in other activities, including farming, and that the average practitioner if he accumulates any considerable fortune during his professional career, it is usually from sources other than professional fees. However, unfortunately, this is seldom from the farming of the lawyer-farmer combination.

The alternative condition in which the amount of income becomes important, as I understand it, is when the debtor is engaged in two or more activities to such extent that it would be difficult to say which, if any, was the principal one. In this situation, he is deemed a farmer if the "principal part of his income is derived from any one or more of the foregoing (farming) operations". Even then, it must be his operation in the sense that he is farming either by tilling the soil himself, or through tenants, whether they be sharecroppers or day laborers. It does not include one who simply rents his land whether for a part of the crop or a straight money rent, and whose main or primary business or profession is something else, as in this case, the practicing of the law. See Williams v. Great Southern Life Insurance Co., 5 Cir., 124 F.2d 38.

The recommendation of the Supervising Conciliation Commissioner that the proceeding should be dismissed is adopted as the judgment of this court.

Proper decree should be presented.